CAYEY SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

Appeal from a Decision of the Registrar of Property Refusing to Record an Agricultural Contract.

No. 360.—Decided June 6, 1918.

RECORD OF TITLE—AGRICULTURAL CONTRACT—GANANCIAL PROPERTY—CONSENT OF WIFE.—When the ganancial character of a property forming the subject matter of an agricultural contract is not questioned in the contract the law requires the consent of the wife.

ID.—CURABLE DEFECT—AREA OF PROPERTY.—Even when it appears from a document presented in the registry that the area of a property is 32 acres, the failure to state the equivalent of said area in the metric system is a curable defect.

The facts are stated in the opinion.

*Mr. V. F. Rodríguez Ortiz* for the appellant.

The acting registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 17, 1918, Luis J. Ortiz y Utset, who was married to Dolores Meléndez y Muñoz, and the corporation known as the Cayey Sugar Company, represented by its vice-president and director, Mateo Rucabado y Argumosa, entered into an agricultural loan contract before Notary V. F. Rodríguez Ortiz, both parties agreeing that it should be recorded in the registry of property for the resulting effects and that the loan should have preference according to law.

The instrument having been presented in the Registry of Property of Guayama, the registrar refused to admit the same to record for the reasons stated in his decision of April 25, 1918, as follows:

"The foregoing instrument is refused admission to record and a cautionary notice is entered instead for the legal period in favor of the Cayey Sugar Company on the reverse side of page 78 of Volume 2, C. A. of Cayey, property No. 78, duplicate, entry letter C, for the following reasons: First, because real property belonging to the conjugal partnership is affected by the contract for an agricultural loan and the milling of sugar cane and the express consent of the wife is necessary to validate the same, according to section 159 of the Civil Code and the jurisprudence of the Supreme Court of Porto Rico; second, because the Mortgage Law requires that in order to create a servitude or a lien on real property, the title shall be set out in a public instrument, and it is obvious that an affidavit is not equivalent to a public instrument. 22 P. R. R. 117. Also, the curable defects are assigned of failure to state the area of the property and to show according to law the authority of Mateo Rucabado to contract for the Cayey Sugar Company."

The property affected by the contract consists of thirty-two acres of land situated in Vegas ward of the district of Cayey and its boundaries are stated in the deed, the owner of the property being Luis J. Ortiz y Utset, whose wife, Dolores Meléndez y Muñoz, was not a party to the instrument.

Among other conditions agreed upon in the contract, Ortiz Utset bound himself to plant, cultivate, and keep in good condition at least twenty-five acres of sugar cane during the

crops of 1919 to 1922 inclusive, while the company made him a loan, or agricultural advance, for the planting, cultivation and harvesting of the sugar cane at the rate of $40 for each acre of the first crop and $20 for each acre of the second and succeeding crops, with interest at 12 per cent annually. A preferred lien was created upon the total amount of sugar cane produced, or as much of it as might be necessary, to secure the payment of the loan in full.

The appellant corporation alleges that the contract in question is of a personal or purely administrative character and that therefore the participation of the wife in its execution is not necessary. It further alleges that the area of the property is stated in the contract.

The question of law raised in the first allegation has been decided already by this court in the case of *Fajardo Sugar Company* v. *Registrar of Humacao*, 25 P. R. R. 176. According to law, the consent of the wife in a case like the present, in which the ganancial character of the property is not questioned, is necessary.

As to the curable defect of failure to state the area of the property, while it is true that the instrument sets out that the said property is a parcel of thirty-two acres of land, it does not give the equivalent of that area in the decimal metric system.

As the appellant does not assail in his brief the other grounds of the decision appealed from, we abstain from considering them. The registrar states in his brief that if the first defect assigned had not existed in the contract he would have recorded it in so far as it referred to the agricultural loan.

For the foregoing reasons the decision of the Registrar of Property of Guayama must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.